José T. Santiago, Petitioner and Appellee, *v.* Municipal Assembly of Coamo, Respondent and Appellant.

No. 7958.   Argued April 25, 1940.—Decided June 18, 1940.

*Manuel A. Rivera* for appellant.  *Angel de Jesús Matos* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The facts of this case are substantially the following: On March 11, 1913, Teodoro Santiago Colón, father of the petitioner-appellee, applied to the Municipal Council of Coamo for a permit to build a house on a lot belonging to the municipality. On May 8 following, the council passed an ordinance granting such request subject to the condition, among others, that the applicant should commence the work within two months and complete the same within six. After a little more than nine years had elapsed without the grantee or his successors in interest having strictly complied with the above-mentioned condition, although they did so substantially, the Municipal Assembly of Coamo on September 15, 1922, adopted a resolution summoning several grantees of lots, the petitioner and appellee among them, to appear on October 26, 1922, at a special meeting to be held on that day and show cause why their rights should not be declared forfeited. After the interested parties were heard, by a resolution dated January 12, 1923, they were allowed until the 1st

of July of that year to comply with the condition of building on the lots granted in usufruct, with the warning that if they failed to comply with the same within such term, the concession would be rescinded if the grantee or his successors in interest failed to resort to the proper district court, within the thirty days following the service of notice upon them. It does not appear from the record whether the grantees were notified of this resolution.

Apparently up to February 22, 1934, the grantees, among them the heirs of José Teodoro Santiago, had not erected or completed any building on any of the ceded lots, for on that date the municipal assembly passed another ordinance granting them an unextendable term of six months for that purpose, repealing all prior ordinances in conflict with the new one adopted, providing that if at the expiration of the term of six months allowed to the grantees the latter had not built on the lots, the same automatically became vacant and available for cession to other persons. It does not clearly appear whether this ordinance was notified, although the contrary is asserted by the judge of the lower court in his opinion.

On March 15, 1935, the secretary-auditor of the municipality addressed a letter to José T. Santiago advising him that there had been ". . . declared vacant . . . numerous lots . . . which would be ceded to any person interested in building thereon . . .," and on April 18, 1938, Julio Passalacqua applied for the grant in usufruct of the lot which had been ceded to José T. Santiago. On the 10th of May following, the municipality adopted an ordinance granting to Passalacqua in usufruct the lot in which he was interested and on the 24th of the same month the appellee instituted, in the District Court of Ponce, in accordance with the provisions of sections 70 and 83 of the Municipal Law (Act No. 53 of 1928, p. 334), a certiorari proceeding wherein he alleged in substance the above-stated facts and concluded by praying that the ordinance of May 10, 1938, granting to Julio Passalacqua the

right of usufruct in the lot which had been previously ceded to the petitioner, should be declared null and void. After hearing the parties, the court sustained the petition and declared the nullity of the ordinance in question. From that judgment the municipal assembly took the present appeal to this court. It has assigned in its brief 10 errors which we will not discuss because we think that this court lacks jurisdiction to entertain the appeal. Although the question has not been raised by either of the contending parties, inasmuch as it is a privileged one, this court considers itself bound to raise it and to decide it *motu proprio*.

The fifth paragraph of section 70 of the Municipal Law provides that—

"When the municipal assembly believes that it must consider the question of the forfeiture of one of these concessions, the grantee shall be summoned at least thirty (30) days in advance so that he may appear before the assembly in defense of his right, at a meeting to be held for the purpose. Upon hearing the interested party, the assembly shall decide, pursuant to law and in accordance with the evidence presented; and the resolution adopted shall be final unless the grantee appears, within thirty days after he has been notified of the decision, and files the proper action before the district court of the district to which the municipality belongs; *and after the case has again been heard in said court, its decision shall be final.*" (Italics ours.)

There is no doubt that the "proper action" to which this section refers is any one of the remedies mentioned in section 83 of the same Municipal Law. As the remedy by appeal is of statutory origin, it could never be extended by implication, especially where the very statute which prescribes the procedure to be followed when "the question of the forfeiture of one of these concessions must be considered," concludes by saying that after the case has again been heard in the district court ". . . its decision shall be *final.*" It seems obvious that the lawmaker intended to confine the appeals taken from resolutions of the municipal assembly regarding the forfeiture or usufructuary rights in

lots belonging to the municipality, to the district courts, for otherwise it would not have made the decisions of the latter tribunals final; and, in accordance with the holding in *Alfaro et al* v. *Municipal Assembly*, 35 P.R.R. 721, an appeal to this Supreme Court would have been authorized by section 295 of the Code of Civil Procedure. It is for that reason that the district courts have jurisdiction to review by certiorari a decision of the Government of Puerto Rico declaring vacant the office of mayor or of that of any number of members of the municipal assembly and appointing their substitutes, and the decision of the district courts, in accordance with section 11 of the Municipal Law, is appealable to this Supreme Court, since said section does not limit or restrict the remedy.

Section 29 of the Municipal Law, as amended by Act No. 98 of 1931 (Session Laws, pp. 594, 612), presents a situation similar to that of section 70 already cited, wherein the lawmaker sought to confine to the district courts the remedy by appeal from the decisions of the mayors removing from their offices municipal administrative officers and employees. Said section in its pertinent part provides:

Section 29.— *     *     *     *     *     *

"The municipal auditor shall be appointed by the Governor of Puerto Rico from a list of three (3) candidates to be submitted for the purpose by the central committee of the party which won the elections in the municipality, and he may be removed by the Governor only for just cause. Against the resolution of the Governor removing him, the auditor, within a period of fifteen days after having been notified of his removal, may appeal to the district court of the judicial district with jurisdiction over the municipality where he rendered his services, and said appeal shall be prosecuted in the same manner provided for appeal granted to mayors in case of their removal, and in the said appeal the court shall review all the questions of fact and of law. *The decision of the district court shall be final for the parties.*" (Italics ours.)

Lastly, let us see which are the cases, under the said section 29 and section 4, that the lawmaker has intended to make

appealable to this Supreme Court. Section 29 says that if the Government of Puerto Rico removes the mayor, the latter "may appeal to the Supreme Court of Puerto Rico in the manner hereinafter provided." Further on the same section says that from "the resolution adopted by the municipal assembly removing the mayor or refusing to remove him, as the case may be, the mayor, or the Governor of Puerto Rico, in the proper case, may appeal to the Supreme Court of Puerto Rico, etc. . . ."

Section 4 in its turn grants to any municipality the right to appeal directly to this Supreme Court from any decision of the Executive Council concerning disputes between two or more municipalities over their territorial boundaries.

██ It may thus be seen that the Municipal Law clearly establishes in what cases the decisions of the district courts are to be regarded as final, what decisions of the latter· may be appealed to this Supreme Court, and what decisions of the administrative bodies may be reviewed directly by this court. Of. course, the decisions of the district courts which under the Municipal Law in force are unappealable, continue to be subject to review by this court "in cases where procedure is not according to the course of the law, and to complete the proceedings when the lower court refused to do so upon erroneous grounds," that is, by means of the regular writ of certiorari authorized by section 670 provided by the Code of Civil Procedure (1933 ed.). The jurisdiction of the Supreme Court to issue such writ derives from section 671 of the cited code; that of the district courts, from section 83 of the Municipal Law. The proceeding instituted in this Supreme Court is that of the regular certiorari (*clásico*); the one to be instituted in the district courts is that of the special certiorari whose use is restricted and whose scope is limited by the very statute which authorizes it.

As section 70, *supra,* provides that the decisions of district courts regarding .resolutions adopted by municipal

assemblies relative to the forfeiture of grants shall be final, it must be held that this Supreme Court lacks jurisdiction of the subject matter of this appeal, which should therefore be dismissed.